# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-726-DCK

| | |
|---|---|
| **STACY NELSON OATES,** )<br> )<br>**Plaintiff,** )<br> )<br>v. )<br> )<br>**NANCY A. BERRYHILL,** )<br>**Acting Commissioner of Social Security,** )<br> )<br>**Defendant.** )<br> ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 16) and Defendant's "Motion For Summary Judgment" (Document No. 18). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. §636(b)(1)(B), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated and this matter be remanded for further consideration.

## BACKGROUND

Plaintiff Stacy Oates ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about August 23, 2012, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning January 1, 2011. (Transcript of the Record of Proceedings ("Tr.") 32). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's

application initially on or about April 19, 2013, and again after reconsideration on or about June 13, 2013. (Tr. 32, 117, 126). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you are disabled because of Bipolar Disorder, High Blood Pressure, Pain, Anxiety, Reflux and Schizophrenia.
> The medical evidence shows that your condition is not severe enough to be considered disabling. We realize that your condition keeps you from doing some types of work, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.

(Tr. 126).

Plaintiff filed a timely written request for a hearing on or about June 22, 2013. (Tr. 32). On January 15, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Clinton C. Hicks (the "ALJ"). (Tr. 33, 45-78). In addition, Brenda Cartwright, a vocational expert ("VE"), and Bradford D. Myler, Plaintiff's attorney, appeared at the hearing. (Tr. 32, 47, 74-78). Plaintiff amended his alleged disability onset date to August 23, 2012. (Tr. 49).

The ALJ issued an unfavorable decision on April 6, 2015, denying Plaintiff's claim. (Tr. 32-40). On or about May 12, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on or about August 25, 2016. (Tr. 1-4, 28). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on October 20, 2016. (Document No. 1). On January 11, 2017, the undersigned was assigned to this case as the referral Magistrate Judge. The parties filed a "Joint Stipulation of Consent to Jurisdiction By US Magistrate Judge" (Document No. 11) on May 2, 2017. On May 2, 2017, the case was reassigned to the undersigned.

On May 31, 2017, the Court granted Plaintiff's consent motion for an extension of time to file a motion for summary judgment. (Document No. 15). In addition, the Court ordered "that Plaintiff's counsel shall confer with Defendant's counsel prior to filing a motion for summary judgment and discuss Plaintiff's alleged errors, as well as whether Mascio v. Colvin,780 F.3d 632 (4th Cir. 2015), is applicable to this case." Id. The record does not appear to indicate that the parties conferred as directed.

Plaintiff's "Motion For Summary Judgment" (Document No. 16) and "Plaintiff's Memorandum Of Law In Support Of A Motion For Summary Judgment Pursuant To Fed. R. Civ. P. 56" (Document No. 17) were filed June 29, 2017; and Defendant's "Motion For Summary Judgment" (Document No. 18) and "Memorandum Of Law In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 19) were filed July 27, 2017.[1] Plaintiff declined to file a response/reply brief, and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, (Document No. 1) (W.D.N.C. Dec. 23, 2013).

The pending motions are now ripe for review and disposition.

---

[1] The undersigned notes that there appears to be some inconsistency between the information provided for Plaintiff's counsel on the docket and that included with the brief. Counsel is respectfully advised to confirm with the Clerk's Office that all information is accurate and current.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

**DISCUSSION**

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between August 23, 2012, and the date of his decision.[2] (Tr. 32, 40). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203; Monroe v. Colvin, 826 F.3d 176, 179-80 (4th Cir. 2016). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 39-40).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since August 23, 2012, his alleged disability onset date. (Tr. 34). At the second step, the ALJ found that bipolar disorder; depression; and chronic obstructive pulmonary disease, and gout, were severe impairments.[3] Id. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 34-35).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work, with the following limitations:

> he requires the option to alternate between sitting and standing twice per hour; he cannot climb ropes, ladders, and scaffolds; he is limited to no more than occasional climbing of ramps and stairs; and he is further limited to simple, routine and repetitive tasks with no more than occasional interaction with the public.

(Tr. 36). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

6

At the fourth step, the ALJ held that Plaintiff had not been able to perform his past relevant work. (Tr. 39).

At the fifth and final step, the ALJ concluded based on the testimony of the VE and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," that "jobs exist in significant numbers in the national economy" that Plaintiff could perform. (Tr. 39). Specifically, the ALJ noted that the VE testified that according to the factors given by the ALJ, occupations claimant could perform included day worker; routing clerk; order caller; and small parts assembler. (Tr. 40). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 23, 2012, and the date of his decision, April 6, 2015. (Tr. 40).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred by not considering "all of the opinions and evidence in the record and fail[ing] to reconcile his determination with the opinions of the SAPCs;" and (2) the ALJ failed to include a limitation to account for Plaintiff's moderate difficulty with CPP. (Document No. 17, p.6).

The undersigned is persuaded that Plaintiff's second alleged error provides sufficient cause for remand.

**Applicability of <u>Mascio v. Colvin</u>**

In his second assignment of error, Plaintiff concisely argues that the ALJ erred in the formulation of the RFC, by failing to adequately account for Plaintiff's limitations in concentration, persistence, and pace ("CPP") in accordance with <u>Mascio v. Colvin,</u> 780 F.3d 632, 638 (4th Cir. 2015) (Document No. 17, p.11). Plaintiff asserts that

> The ALJ's erroneous residual functional capacity necessarily renders the Step 5 determination unsupported by substantial evidence. The hypothetical question asked to the VE here was incomplete, as it improperly did not include a limitation to account

> for Plaintiff's moderate difficulties in CPP. *Mascio*, 780 F.3d at 638. **A limitation to simple, routine, repetitive tasks does not account for Plaintiff's limited ability to stay on task**. *Id.* Further, the hypothetical did not include a limitation concerning Plaintiff's limited ability to relate to coworkers and supervisors. [A] hypothetical question is unimpeachable 'if it adequately reflect[s]' a residual functional capacity for which the ALJ had sufficient evidence." *Fisher v. Barnhart*, 181 Fed. App'x. 359, 363 (4th Cir. 2006) (quoting *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005)).

Id. (emphasis added).

In response, Defendant asserts that the ALJ did not ignore the Plaintiff's limitations in concentration, persistence, and pace, "but instead, the ALJ specifically accounted for those limitations in his hypothetical question to the VE and in his RFC finding in the decision." (Document No. 19, p.15) (citing Tr. 32-40). Defendant seems to suggest that this case is distinguishable from Mascio because the RFC finding here limited Plaintiff to simple, routine, repetitive tasks, and "no more than occasional interaction with the public." Id. (citing Tr. 36).

The undersigned is not persuaded that the ALJ adequately accounted for Plaintiff's moderate limitations in concentration, persistence, and pace in his RFC finding. Pursuant to Mascio, the limitation to "simple, routine, repetitive tasks," without more explanation for how Plaintiff's limitations affect his ability to work, is not adequate. (Tr. 36). In Mascio, the Fourth Circuit opined that

> we agree with other circuits that an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, **the ability to perform simple tasks differs from the ability to stay on task**. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Mascio, 780 F.3d at 638.

Here, the ALJ's hypothetical to the VE limited Plaintiff to "[s]imple, routine, repetitive tasks;" however, the ALJ did not discuss Plaintiff's ability to stay on task and to work for a full workday. See (Tr. 75).[4] To the extent the ALJ here also limited Plaintiff's interaction with the public, the undersigned is not persuaded that such additional RFC restriction sufficiently addresses the limitations with concentration, persistence, and pace. Moreover, Defendant does not cite any caselaw that applies Mascio as Defendant seeks to apply that decision to this case. (Document No. 19, pp.15-16).

In short, the undersigned finds Plaintiff's position on this issue to be compelling. (Document No. 17). "[T]he ability to perform simple tasks differs from the ability to stay on task." Mascio, 780 F.3d at 638. The ALJ's failure to adequately address Plaintiff's limitations as to concentration, persistence, and pace frustrates meaningful review.

While Defendant may ultimately be correct that Plaintiff can perform work in the national economy, the undersigned finds that the ALJ's opinion is deficient based on the Fourth Circuit's decision in Mascio v. Colvin. See also Kidd v. Colvin, 1:15-CV-208-GCM-DCK, 2017 WL 443469 (W.D.N.C. Jan. 10, 2017) aff'd by 2017 WL 442898 (W.D.N.C. Feb. 1, 2017); Boyd v. Berryhill, 3:16-CV-069-GCM-DCK, 2017 WL 1080926 (W.D.N.C. Feb. 22, 2017) aff'd by 2017 WL 1086334 (W.D.N.C. March 21, 2017); Shook v. Berryhill, 1:16-CV-105-DCK, 2017 WL 833060 (W.D.N.C. March 2, 2017); Brooks v. Berryhill, 5:16-CV-086-RLV-DCK, (W.D.N.C. March 8, 2017); and Mills v. Berryhill, 3:16-CV-598-DCK, 2017 WL 1682548 (W.D.N.C. Apr. 28, 2017).

---

[4] Notably, the hearing in this case was held about three months *before* the Mascio decision was published, and the ALJ's decision came out just a few weeks *after* Mascio. However, as noted above, counsel in this case had plenty of time to consider the implications of Mascio and were specifically directed to confer on that subject.

**CONCLUSION**

Based on the foregoing, the undersigned is not persuaded that substantial evidence supports the Commissioner's decision and that the Commissioner applied the correct legal standards. As such, the undersigned will order that the Commissioner's decision be vacated and that this matter be remanded for further consideration. On remand, an ALJ should review each of Plaintiff's alleged errors and properly account for limitations in concentration, persistence and pace, in accordance with Mascio.

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Summary Judgment" (Document No. 16) is **DENIED**; and Defendant's "Motion For Summary Judgment" (Document No. 18) is **DENIED**; and the Commissioner's determination is **VACATED** and this matter is **REMANDED** for further consideration, as directed herein.

Signed: August 24, 2017

David C. Keesler
United States Magistrate Judge