# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-726-DCK

| | |
|---|---|
| **STACY NELSON OATES,** | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| **NANCY A. BERRYHILL,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C.A. § 2412" (Document No. 22) filed November 22, 2017. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for review. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion, without prejudice.

The undersigned first observes that motions such as this are typically granted, especially where as is the situation here, Defendant consents to the requested fees. <u>See</u> (Document No. 24). Unfortunately, the record of this case and Plaintiff's counsel's exhibits suggest a continuing failure by Plaintiff's counsel to follow the orders of this Court and the Local Rules. As such, the undersigned is reluctant to award attorney's fees at this time. The undersigned notes that pursuant to 28 U.S.C. § 2412 (d)(1)(D) "[t]he court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412 (d)(1)(D).

On May 31, 2017, the Court granted Plaintiff's "Motion For First Extension Of Time" (Document No. 14) to file its motion for summary judgment and supporting memorandum. (Document No. 15). In that Order, the undersigned specifically ordered that "Plaintiff's counsel shall confer with Defendant's counsel prior to filing a motion for summary judgment and discuss Plaintiff's alleged errors, as well as whether <u>Mascio v. Colvin</u>, 780 F.3d 632 (4th Cir. 2015), is applicable to this case." <u>Id.</u> The exhibits now before the Court in support of the motion for attorney's fees show that Plaintiff's counsel spent **0 hours** reviewing the Court's "Order" (Document No. 15), and further reflect that Plaintiff's counsel <u>never</u> conferred with Defendant's counsel as *ordered* by the Court. <u>See</u> (Document Nos. 23-2 and 23-3).

It is important to note that a month later, on June 29, 2017, Plaintiff's counsel then filed its motion for summary judgment and memorandum in support with one of its two (2) arguments being that the Administrative Law Judge had erred based on <u>Mascio v. Colvin</u>. <u>See</u> (Document No. 17). Ultimately, the Court ordered that this matter be remanded for further review "in accordance with <u>Mascio</u>." <u>See</u> (Document No. 20, pp.9-10). It seems likely that if Plaintiff's counsel had conferred with opposing counsel as ordered, this case might have been resolved much sooner without the expenditure of additional resources by the parties and the Court.

The undersigned also notes that the Court's "Order" (Document No. 20) of August 25, 2017 remanding this matter raised a concern about the accuracy of the information on the docket for the case. The undersigned stated: "there appears to be some inconsistency between the information provided for Plaintiff's counsel on the docket and that included with the brief. Counsel is respectfully advised to confirm with the Clerk's Office that all information is accurate and current." (Document No. 20, p.3, n.1).

Again, Plaintiff's recent submission is revealing. See (Document Nos. 23-2 and 23-3). Although someone named Edward A. Wicklund purportedly reviewed the Order, there is no indication that anyone complied with the Court's directive to confirm the information on the docket. Id. It turns out that although Paul B. Eaglin was listed as counsel of record, he apparently had ended his employment with Olinsky Law Group, and presumably representation of Plaintiff, on or about April 21, 2017. (Document No. 26, p.1). Mr. Eaglin did not move to withdraw pursuant to Local Rule 83.1 until January 3, 2018. (Document Nos. 25 and 26).

The status and role of Plaintiff's counsel has been a source of confusion throughout this case. It is now apparent that Mr. Eaglin was no longer serving as Plaintiff's counsel as of April 21, 2017, and that Russell Bowling did not file his "Appearance Of Counsel" (Document No. 12) until May 17, 2017. As such, it appears there were several weeks where Plaintiff was not represented by any counsel of record on the docket and/or any counsel admitted before this Court. Nevertheless, during that time a "Joint Stipulation Of Consent to Exercise Jurisdiction by a United States Magistrate Judge" (Document No. 11) was filed with the Court on May 2, 2017. That "Joint Stipulation…" indicates that it was signed by Paul B. Eaglin on May 2, 2017. (Document No. 11). Although Plaintiff's records indicate that Mr. Eaglin emailed with opposing counsel regarding consent to Magistrate Judge jurisdiction on April 19, 2017, the records do not reflect that Mr. Eaglin executed any documents in this case on May 2, 2017, or that he was involved in the case at all after April 19, 2017. See (Document Nos. 23-2 and 23-3).

The pending motion for fees was purportedly filed by Mr. Bowling, who in that filing, *inter alia*, affirms and states that '[a]ll services in this case were rendered by your affiant and my professional staff, unless specifically noted otherwise." (Document No. 23, p.2). However, Plaintiff's exhibits reflect that this filing was prepared and made by Shannon Persse with some

review by Howard D. Olinsky. See (Document No. 23-3, p.2 and Document No. 23-4, p.2). Moreover, Plaintiff's own records and submission note that virtually all of the services in this case were rendered by other "professional staff," and that Mr. Bowling spent **a total of 0.1 hours** on this matter. See (Document No. 23-3, p.2).

The undersigned finds counsel's management of this case, particularly Plaintiff's counsel's failure to abide by the Court's Orders and Local Rules, troubling. Moreover, counsel's failures have likely caused delay in resolving this matter, as well as the unnecessary expenditure of additional resources by all parties and the Court. It is the undersigned's expectation that local counsel be more involved in cases than either Mr. Eaglin or Mr. Bowling have been, and that at least part of local counsel's role is to ensure that the Local Rules of this Court are followed.

On a final positive note, the undersigned is encouraged to observe that Melissa Palmer of the Olinsky Law Group, who appears to have done significant work on this case, has belatedly moved for *pro hac vice* admission in this matter, as well as in a similar case pending before the Court. (Document No. 28). The undersigned is confident that the problems in this case could have been avoided with a more engaged local counsel assisting a properly admitted out of state attorney.

Based on the foregoing, the undersigned will deny the pending motion without prejudice. If Plaintiff's counsel wishes to file a renewed and/or adjusted motion for fees that addresses the undersigned's concerns, Mr. Bowling and/or Ms. Palmer may do so on or before **January 19, 2018**.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C.A. § 2412" (Document No. 22) is **DENIED WITHOUT PREJUDICE**.

Signed: January 4, 2018

David C. Keesler
United States Magistrate Judge