**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-726-DCK**

| | |
|---|---|
| STACY NELSON OATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Second Motion For Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C.A. § 2412" (Document No. 31) filed November 22, 2017. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for review. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion with modification.

Plaintiff's first "Motion For Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C.A. § 2412" (Document No. 22) was denied without prejudice on January 4, 2018. In the "Order" (Document No. 29) denying the first motion, the undersigned noted that

> Unfortunately, the record of this case and Plaintiff's counsel's exhibits suggest a continuing failure by Plaintiff's counsel to follow the orders of this Court and the Local Rules. As such, the undersigned is reluctant to award attorney's fees at this time. The undersigned notes that pursuant to 28 U.S.C. § 2412 (d)(1)(D) "[t]he court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412 (d)(1)(D).

(Document No. 29, p. 1).

Plaintiff has now filed a renewed motion, and *increased* the requested fees from $4,705.80, to $5,222.34. See (Document Nos. 22, and 31). Apparently, Plaintiff's counsel seeks additional compensation for the time spent revising its original unpersuasive motion and explaining various deficiencies in the management of this case. See (Document No. 32-2, p.3).[1]

Although Defendant did not object to Plaintiff's original request, Defendant opposes Plaintiff's revised request and argues that "the number of hours requested by Plaintiff is excessive and warrants reduction." (Document No. 35, p.1); see also (Document No. 24). Defendant's response includes the following instructive legal authority:

> "Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" *Harlan v. Colvin*, No. 3:12-CV-443-GCM-DCK, 2014 WL 1632931, *2 (W.D.N.C. April 23, 2014) (citing *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002)). As a prevailing party, Plaintiff "bears the burden of establishing that the number of hours for which she seeks reimbursement is reasonable and does not include any claim for hours which are excessive, redundant, or otherwise unnecessary." *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 WL 360989, at *3 (E.D.N.C. Feb. 8, 2008). "The district court has substantial discretion in fixing the amount of an EAJA award . . . but is charged with the duty to ensure that the final award is reasonable." *Id.* (citing *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) and *Comm'r v. Jean*, 496 U.S. 154, 163 (1990) (internal quotations omitted)).
>
> Other relevant factors include (1) the novelty and complexity of the issues presented,(2) the experience and skill of the attorney, and (3) the typical range of compensated hours in a particular field. *Miles v. Colvin*, No. 5:12-CV-74-BO, 2014 WL 1309293, at *1 (E.D.N.C. July 24, 2014); *Dixon*, 2008 WL 360989, at *4; *Bunn v. Bowen*, 637 F. Supp. 464, 469 (E.D.N.C. 1986). Applying these considerations here, Defendant submits that Plaintiff has not met her

---

[1] Plaintiff attached a "Statement Pursuant To Local Rule 54.2" (Document No. 32-10) to the instant motion. The applicable Rule in this Court is Local Rule 7.1(b). Moreover, Plaintiff's statement that "[t]his motion is currently uncontested" is not helpful, especially where it turns out that Defendant *opposes* the motion. (Document No. 32-10); see also (Document No. 35)

burden of showing that 32.7 hours totaling $5,222.34 is reasonable in this litigation.

(Document No. 35, pp. 1-2).

In addition, Defendant notes that the record in this case was not lengthy, and that the issues were neither novel nor complicated. (Document No. 35, p. 4). Defendant contends that the hours requested are far in excess of the typical range of compensated hours in Social Security disability litigation. Id. Defendant concludes that it should not be required to cover the extra costs of Plaintiff's counsel's errors and mismanagement of the case. Id.

Notably, particularly in the context of this review, Plaintiff's counsel missed the deadline to file a reply brief. See Local Rule 7.1 (e). Three days later, Plaintiff filed a "Motion To File Out Of Time" (Document No. 36) that failed to satisfy Local Rule 7.1 (b). Nevertheless, the Court still allowed Plaintiff to file a reply brief. See (Document No. 36).

In reply, Plaintiff argues that "[t]his case was not mismanaged by Plaintiff's counsel, but the actions taken confused the Court. This is not Plaintiff's nor Defendant's fault, but time was spent redrafting the EAJA petition and should be compensated." (Document No. 38).

The undersigned finds Defendant's position persuasive. The undersigned agrees that Plaintiff's hours and fees are excessive for this case, and that Plaintiff should not seek fees for refiling its request for EAJA fees – the briefing of which resulted in yet more conduct inconsistent with the Local Rules. Moreover, the Court finds that Plaintiff's handling of this case "unduly and unreasonably protracted the final resolution of the matter in controversy." See 28 U.S.C. § 2412 (d)(1)(C).

Based on the foregoing, the Court will grant Plaintiff's request for fees, but in its discretion will reduce the amount allowed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Second Motion For Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C.A. § 2412" (Document No. 31) is **GRANTED, with modification**. The Court will award attorney fees in the amount of **$2,352.80**, and pursuant to Comm'r of Soc. Sec. v. Ratliff, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt Plaintiff may owe to the United States. The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that Plaintiff does not owe a federal debt, the Government will exercise its discretion and honor an assignment of EAJA fees, and pay the awarded fees directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**SO ORDERED**.

Signed: April 19, 2018

David C. Keesler
United States Magistrate Judge